Filed 8/1/16  P. v. Garcia CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MARGARITO GONZALEZ GARCIA,<br><br>    Defendant and Appellant. | H042695<br>(Monterey County<br>Super. Ct. No. SS142125A) |

By plea agreement, defendant Margarito Gonzalez Garcia was sentenced to 26 years in state prison for one count of forcible lewd and lascivious conduct upon John Doe (Pen. Code, § 288, subd. (b)(1))[1]; two counts of lewd and lascivious conduct upon John Doe (§ 288, subd. (a)); one count of forcible lewd and lascivious conduct upon Jane Doe (§ 288, subd. (b)(1)); and one count of lewd and lascivious conduct upon Jane Doe (§ 288, subd. (a)).  Upon defendant's timely appeal, we appointed counsel to represent him in this court.  Appellate counsel filed a brief stating the case and facts but raising no issues.  We notified defendant of his right to submit written argument on his own behalf and received no response.

We have reviewed the entire record to determine if there are any arguable appellate issues.  (*People v. Wende* (1979) 25 Cal.3d 436, 440–441.)  We include here a

---

[1] Unspecified statutory references are to the Penal Code.  Victims are referred to in the record as John Doe and Jane Doe.  We do the same.

brief description of the facts and procedural history of the case, and the conviction and punishment imposed. (*People v. Kelly* (2006) 40 Cal.4th 106, 123–124.)

## I. TRIAL COURT PROCEEDINGS

According to the probation report, in 2014 John Doe's mother reported to local law enforcement that she suspected defendant had sexually abused John Doe in 2012, based on a recent disclosure by John Doe. Defendant was known to John Doe's mother. An officer interviewed John Doe, who told the officer that on five or six occasions defendant had put his penis inside John Doe's anus. On at least one of those occasions, defendant had forcefully removed John Doe's pants and underwear and pushed him down on his back to prevent him from moving. John Doe was 10 years old when he reported the abuse, meaning that he was around eight years old when the abuse occurred.

Also in 2014, Jane Doe's parents reported to a different police agency that they suspected defendant had sexually abused Jane Doe one month earlier, based on a recent disclosure by Jane Doe. Defendant was related to Jane Doe. An officer interviewed Jane Doe, who told the officer that on five or six occasions, defendant took off her clothing, kissed her on the mouth, touched her bare breasts, and penetrated her vagina and anus with his fingers and his penis. Jane Doe told defendant to stop but he would not. Jane Doe was seven years old at the time of the abuse.

Defendant was held to answer and charged by information with: (count 1) sex or sodomy of John Doe (a child under 10 years old) (§ 288.7, subd. (a)); (count 2) sex or sodomy of Jane Doe (a child under 10 years old) (§ 288.7, subd. (a)); (count 3) forcible lewd acts with John Doe (§ 288, subd. (b)(1)); (counts 4 and 5) lewd acts with John Doe (§ 288, subd. (a)); and (counts 6 and 7) lewd acts with Jane Doe (§ 288, subd. (a)).

The parties reached a stipulated disposition in May 2015. The People amended the information to add count eight (forcible lewd acts with Jane Doe (§ 288, subd. (b)(1))); defendant pleaded no contest to counts three, four, five, six, and eight; the

People agreed to dismiss the remaining counts; and defendant agreed to receive a 26-year determinate state prison term.

The trial court sentenced defendant to 26 years in state prison in June 2015, consisting of: a 10-year upper term for count three (§ 288, subd. (b)(1)); a 10-year full consecutive upper term for count eight (§§ 288, subd. (b)(1), 667.6, subds. (d), (e)); and six years consecutive for counts four, five, and six (two years for each count based on one-third the middle term; §§ 288, subd. (a), 1170.1, subd. (a)). The trial court ordered defendant to pay a $10,000 restitution fine (§ 1202.4, subds. (b)(1)) with an additional $10,000 parole revocation fine imposed but suspended pending successful completion of parole (§ 1202.45); a $300 fine (§ 290.3, subd. (a)) with $930 in penalty assessments (consisting of: $300 (§ 1464, subd. (a)(1)), $210 (Gov. Code, § 76000, subd. (a)(1)), $60 (§ 1465.7), $150 (Gov. Code, § 70372), $60 (Gov. Code, § 76000.5), $30 (Gov. Code, § 76104.6, subd. (a)(1)), and $120 (Gov. Code, § 76104.7, subd. (a))); a $200 court operations assessment (§ 1465.8, subd. (a)(1)); a $150 court facilities funding assessment (Gov. Code, § 70373, subd. (a)(1)); and victim restitution in an amount to be determined later (§ 1202.4, subd. (f)). Defendant received 354 days of presentence credit based on 308 actual days plus 46 conduct credits (§§ 2933.1, subd. (c), 1192.7, subd. (c)(6)).

We have reviewed the entire record and find no arguable issue.

## II.   DISPOSITION

The judgment is affirmed.

_____

Grover, J.

**WE CONCUR:**

_____

Rushing, P.J.

_____

Premo, J.